NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN LEONARDO GARCIA UTUC;
FREDY MARVIN GARCIA UTUC,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 21-70091

Agency Nos. A208-166-077
A208-166-078

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026**
Pasadena, California

Before: FORREST, DESAI, and DE ALBA, Circuit Judges.

Petitioners Kevin Leonardo Garcia Utuc and Fredy Marvin Garcia Utuc are

brothers who are natives and citizens of Guatemala. They petition for review of a

Board of Immigration Appeals ("BIA") decision dismissing their appeal of an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the agency's denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "[T]o obtain judicial reversal of the agency's persecution determination, an asylum applicant must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026) (citing *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992)) (citation modified).

1. Petitioners do not challenge the IJ's finding that they failed to establish persecution by forces that the Guatemalan government is unable or unwilling to control. Because petitioners do not "specifically and distinctly argue[]" this dispositive issue in their opening brief, they forfeited it. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Because petitioners cannot establish that they fear persecution "by the government, or by forces that the government [is] unable or unwilling to control," their claims for asylum and withholding fail.[1] *See*

---

[1] Petitioners also challenge the agency's conclusion that they failed to establish that they were harmed on account of their political opinion or their membership in a cognizable particular social group. Because the failure to establish past persecution or a well-founded fear of future persecution is dispositive of petitioners' asylum and withholding claims, we do not reach this additional issue.

*Antonio v. Garland*, 58 F.4th 1067, 1077 (9th Cir. 2023); *Rodriguez Tornes v. Garland*, 993 F.3d 743, 754 (9th Cir. 2021).

2.    Substantial evidence supports the agency's denial of CAT relief. Petitioners fail to establish that their aunt's previous mistreatment amounted to torture or that their aunt is more likely than not to torture them if they were returned. *See* 8 C.F.R. § 1208.18(a)(1)–(2). Further, petitioners' fear that they will be recruited by gangs or harmed by vigilante townspeople does not show that it is "more likely than not that [they] would be tortured" with the consent or acquiescence of the government if removed to Guatemala. *See id.*; 8 C.F.R. § 1208.16(c)(2); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Petition **DENIED**.